IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRIAN SWEET                                                                           PETITIONER

v.                                                              CAUSE NO. 3:16-cv-53-TSL-JCG

STATE OF MISSISSIPPI, ET AL.                                              RESPONDENTS

### REPORT AND RECOMMENDATION

BEFORE THIS COURT are the Petition for Writ of Habeas Corpus [1] filed by Brian Sweet pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [6] the Petition as time-barred pursuant to 28 U.S.C. § 2244(d). Having considered the pleadings, records on file, briefs of the parties, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2254 was untimely filed, and the Petition should be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

Petitioner Sweet entered a guilty plea to one count of murder in the Circuit Court of Hinds County, Mississippi. On January 19, 2010, Sweet was sentenced to serve life in the custody of the Mississippi Department of Corrections (MDOC). (Mot. Ex. A, ECF No. 6-1). Sweet did not appeal, and by statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, Sweet's judgment became final on the date he was sentenced. *Kennedy v. Fisher*, No. 3:15-CV-861-TSL-RHW, 2016 WL 3311702, at *2 (S.D. Miss. May 16, 2016), report and recommendation adopted, 2016 WL 3249044 (S.D. Miss. June 13, 2016) (citing *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)).

Sweet filed a motion for postconviction relief in the trial court on January 13, 2014. (Mot. Ex. B, ECF No. 6-2). The Circuit Court denied the motion by order filed March 26, 2014. (Mot. Ex. C, ECF No. 6-3). Sweet appealed the dismissal to the Mississippi Supreme Court. On April 14, 2015, the Mississippi Court of Appeals affirmed the lower court's decision in a written opinion finding that the motion was time-barred pursuant to Miss. Code Ann. § 99-39-5(2). *See Sweet v. State*, 177 So. 3d 833, 834 (Miss. Ct. App. 2015) *reh'g denied*, (Aug. 11, 2015), *cert. denied*, 178 So. 3d 333 (Miss. 2015).

## LAW AND ANALYSIS

Respondent contends that the Petition was filed well beyond the deadline for doing so, and therefore it should be dismissed with prejudice as untimely. Petitioner filed a response but merely restates his grounds for habeas relief; he does not address Respondent's timeliness argument.

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under this statute, Sweet's deadline for filing a petition for federal habeas review of his state court conviction was January 19, 2011, one year from the date his judgment became final. No tolling applies, because Sweet did not file a "properly filed application for State postconviction" relief before January 19, 2011. In the absence of any tolling of the limitations period, Sweet's Petition was filed approximately five years too late. Sweet's time for filing a federal habeas petition expired on January 19, 2011. The present Petition, filed in January 2016, is time-barred and should be dismissed.

## RECOMMENDATION

It is the opinion of the undersigned United States Magistrate Judge that Respondent's Motion to Dismiss [6] should be GRANTED and Petitioner's request for habeas corpus relief [1] pursuant to 28 U.S.C. § 2254 denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States

District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

**SIGNED**, this the 29th day of August, 2016.

                                        *s/ John C. Gargiulo*
                                        JOHN C. GARGIULO
                                        UNITED STATES MAGISTRATE JUDGE